UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

Civil Action No. 16-115-HRW

BARRY MICHAEL LOWERY,

PLAINTIFF,

v.　　　　　　　　**MEMORANDUM OPINION AND ORDER**

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL SECURITY,　　　　　DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits and supplemental security income benefits alleging disability beginning in January 2012, due to "COPD, problems with hips, abdominal pain, surgical hernia repair, knee problems, arthritis and bursitis in knees, liver problems [and] pancreatitis (Tr. 331). This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Jonathon Stanley (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Tina Stambugh, a vocational expert

(hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled. Plaintiff was 52 years old at the time of the hearing decision. He has a 10th grade education as well some vocational training. His past relevant work experience consists of work as a plumber.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 83).

The ALJ then determined, at Step 2, that Plaintiff suffers from several impairments, which he found to be "severe" within the meaning of the Regulations (Tr. 84).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any

of the listed impairments (Tr. 86).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 96) but determined that he has the residual functional capacity ("RFC") to perform a range of light work, with certain postural and environmental limitations., as set forth in the hearing decision (Tr. 88-89).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 97).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner. Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

### A.  Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may

3

not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) failed to properly evaluate the medical source opinions in the record and (2) the ALJ did not consider Plaintiff's allegations of disabling pain.

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that failed to properly evaluate the medical source opinions in the record.

When evaluating medical opinions, an ALJ considers numerous factors, including whether the physician examined the claimant, whether the doctor treated the claimant, the evidence the doctor presents to support his or her opinion, whether the doctor's opinion is consistent with the record as a whole, and the doctor's specialty. 20 C.F.R. § 416.927©. Generally, a treating physician's opinion is entitled to more weight and an ALJ must give good reasons for discounting the opinion. 20 C.F.R. §§ 416.902, 416.927(c)(2); *See also, Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). An examining physician's opinion, however, is not entitled to any special deference or consideration. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007). Moreover, an ALJ may discount a physician's

4

opinion, treating or otherwise, when the physician does not provide objective medical evidence to support his or her opinion or if the doctor's opinion is inconsistent with the record as a whole. 20 C.F.R. § 416.927( c). In addition, although a physician's opinion about what a claimant can still do or the claimant's restrictions may be relevant evidence, such opinions are not determinative because the ALJ has the responsibility of assessing the claimant's RFC. 20 C.F.R. §§ 416.912(b)(2), 416.913(b)(6), 416.927(d)(2), 416.945(a)(3), 416.946( c).

Plaintiff argues that the ALJ did not properly consider the opinions of Mansoor Ahmed, M.D., James C. Owen, M.D. and Kathy Halcomb, NP.

Dr. Ahmed is Plaintiff's treating physician. In September of 2014, Dr. Ahmed noted that Plaintiff reported the onset of symptoms, including severe pain, was "a few years ago" and that his complaint "moderately limits activities." (Tr. 646). A contemporaneous physical examination revealed primarily normal musculoskeletal range of motion, with normal strength and tone of the upper and lower extremities; and normal gait, station and stance (Tr. 647-648). The following month in October 2014 and again in July 2015, Dr. Ahmed made similar notations (Tr. 644-645 and 766).

A review of the hearing decision reveals that the ALJ did not reject Dr. Ahmed's opinion. Rather, the ALJ pointed out that although Dr. Ahmed notes state that Plaintiff's complaints of pain "moderately limit activities," he did not go into any detail in this regard. Moreover, as the ALJ noted, it appears that these notes reflect Plaintiff's own description of his symptoms, rather than a diagnosis or recommendation from Dr. Ahmed. Indeed, these remarks can hardly be considered to be an opinion. Moreover, the RFC clearly recognizes that Plaintiff's joint issues result in some functional limitation.

5

Given the vague quality of Dr. Ahmed's "opinion," the Court find no error in the ALJ's consideration of it.

In August 2013, James C. Owen, M.D., saw Plaintiff for a consultative examination. Dr. Owen noted that Plaintiff reported his chief complaints to be COPD; hip, abdominal and knee pain; a hernia; liver problems; and pancreatitis. Plaintiff reported that he had no family physician. Plaintiff reported to Dr. Owen that he could lift 20 pounds, walk 20 minutes, stand 30 minutes, and sit for an hour. On a scale of 1-10 (10 being worse), Plaintiff reported his pain to average 4/10. Dr. Owen noted that Plaintiff was an alcoholic and that his liver "went bad on him," that Plaintiff had chronic obstructive pulmonary disease "12-14 years ago"; and hip, back and knee pain (that he had been subject to for 20 years). Dr. Owen's physical examination revealed that although Plaintiff ambulated with a mildly antalgic gait and his squat was full but slow and painful, his heel and toe walk was normal 5/5; with strength, sensation, and coordination also normal. Straight leg raise test was negative both lying and sitting. Dr. Owen opined that in relation to Plaintiff's ability to do work-related activity, he would have moderate-to-severe difficulty lifting, handling, and carrying objects. (Tr. 607, 608-612).

Plaintiff contends that Dr. Owens' assessment of "moderate" and "severe" findings amount to a finding of disability. Yet, Dr. Owen did not set forth specific limitations in any of these, or any other areas. And, again, the RFC reflects certain limitations. As Defendant points out, Plaintiff even admitted to Dr. Owen that he could lift 20 pounds, walk 20 minutes, stand 30 minutes, and sit for an hour (Tr. 607, 608-612).

It is clear from the hearing decision that the ALJ reviewed Dr. Owens' report and he set forth reasons for declining to accept it wholesale. The Court finds no error in this regard.

6

Finally, Plaintiff alleges error in that the ALL only "briefly mentioned" the findings of Nurse Practitioner Kathy Halcomb.

During 2014-2015, Plaintiff was seen by nurse practitioner Kathy Halcomb at White House Clinics (Tr. 616-617, 619-622, 774-782). In late July 2014, Ms. Halcomb noted that Plaintiff presented to be established as a new patient and his chief complaint was numbness both feet/legs and that he also complained of "bad bilateral hip pain." (Tr. 619). Ms. Halcomb noted that Plaintiff's extremities revealed normal dorsalis pedis pulses without edema (Tr. 620). By July 2015, Ms. Halcomb noted that Plaintiff reported that his COPD was much better and his arthritis was better. Plaintiff reported that he had work difficulties due to stiffness in hands but that his disability had been denied and it was in the appeal process (Tr. 774-776).

Although Plaintiff asserts error, he does not explain how Ms. Halcomb's treatment notes should change the RFC. He urges that her findings are "consistent with both Dr. Ahmed and Dr. Owen." Yet this tell the undersigned nothing of how Ms. Halcomb's notations affect the RFC. As such, Plaintiff's argument is without merit.

Plaintiff's second claim of error is that the ALJ did not consider Plaintiff's allegations of disabling pain.

It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). In this case, the ALJ found Plaintiff's statements "concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely credible" (Tr.90). Subjective claims of disabling pain must be supported by objective medical evidence. *Duncan v. Secretary*

7

*of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986). Based upon the record, Plaintiff's subjective complaints do not pass *Duncan* muster.

Plaintiff's argument is that the ALJ discounted his credibility based upon "personal observations" at the administrative hearing. However, when the ALJ reasonably found Plaintiff's subjective complaints were not entirely credible, he set forth a number of significant reasons for his credibility determination beyond his own "personal observations" (Tr. 89-91). For example, the ALJ stated Plaintiff "has been an unreliable historian at times, recounting to treating doctors that he has no history of alcohol abuse, despite additional medical visits evidencing at least a history if not current use/abuse." (Tr. 90; Tr. 369, 454, 471, 542, 543, 567, 583, 619). The ALJ also referred to Plaintiff's activities of daily living (Tr. 88-96; Tr. 648, 662) as evidence which detracts from Plaintiff's allegations of disabling symptoms. "Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d at 531 (6th Cir. 1997).

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 21st day of September, 2017.

Signed By:
*Henry R. Wilholt, Jr.*
United States District Judge